IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOLLI LUNDAHL, A/K/A HOLLI TELFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3786 |
| | § | |
| UNITED STATES OF AMERICA, ET AL., | § | |
| | § | |
| Defendants. | § | |

**AMENDED ORDER**

On April 29, 2010, the Court denied as moot Lundahl's application to proceed *in forma pauperis* on appeal (Docket Entry No. 17), noting that the Fifth Circuit Court of Appeals had dismissed her *pro se* appeal. On July 26, 2010, the Fifth Circuit notified this Court that the appeal had been reinstated. Accordingly, this Court must now address the merits of Lundahl's application to proceed *in forma pauperis* on appeal. For the reasons that follow, the Court DENIES the application (Docket Entry No. 17).

Lundahl's application to proceed *in forma pauperis* on appeal fails to comply with the requirements of Rule 24(a)(1)(C) of the Federal Rules of Appellate Procedure, in that she fails to submit the required affidavit identifying the issues she intends to present on appeal. This deficiency alone would provide adequate reason to deny Lundahl leave to proceed *in forma pauperis*. However, there is a more significant reason for this Court to deny Lundahl's application.

Litigants who abuse the judicial system are not entitled to sue and appeal without paying the normal filing fees, should they be entitled to sue and appeal at all. Although Lundahl is no longer in federal custody and is apparently not barred by the "three strikes" provisions of 28 U.S.C.§ 1915(g), she remains a vexatious litigant with a lengthy and voluminous history of filing frivolous, malicious, and groundless lawsuits across the nation. A review of the U.S. Party and Case Index reveals that plaintiff has filed more than sixty *pro se* lawsuits in the federal courts of Alabama, California, Idaho, Montana, Nevada, Texas, Utah, and Wyoming, and over eighty appeals in the federal appellate courts of those states; many of which cases and appeals were dismissed as frivolous, malicious, or for failure to state a claim.

Due to her abusive litigation history, she has been barred from proceeding *in forma pauperis* and/or restricted from filing in the United States Supreme Court, *Lundahl v. Eli Lilly &Co.*, 544 U.S. 997 (2005), the Utah Supreme Court, *Lundahl v. Quinn*, 67 P.3d 1000 (Utah 2003), and in numerous federal district and appeals courts. *See Lundahl v. Hawkins*, C.A. No. 09-cv-0588, 2009 WL 3617518 (W.D. Tex. 2009) (analyzing Lundahl's litigation history and restriction orders entered against her). The Utah Supreme Court observed that Lundahl's filings were "routinely frivolous and . . . brought with the apparent purpose, or at least the effect, of harassment, not only of opposing parties, but of the judicial machinery itself." *Id*. at 1002. The court noted that Lundahl "has managed to embroil herself in more litigation in just a few short years than one would think humanly possible." *Id*. Lundahl's

abusive and vexatious litigation propensities led the United States District Court for the District of Idaho to restrict her filings, finding that:

> Because the record now before this Court shows beyond cavil that Lundahl's litigation activities have been both numerous and abusive, the Court finds that Lundahl is a vexatious litigant and her litigation activities are in fact abusive, harmful, and intended to harass and annoy both the parties she names in her lawsuits ands the entire judicial system she purports to invoke. Both the number and content of the filings indicate the harassing and frivolous nature of Lundahl's claims. Lundahl has a lengthy history of targeting the same defendant and any party previously associated with her lawsuits, including judges, clerks, and attorneys, in each of her subsequent actions. *When Lundahl is subject to an adverse determination in one court, she simply moves on to a new forum to pursue the same claim.*

*Lundahl v. Nar, Inc.*, 434 F. Supp. 2d 855, 859-60 (D. Idaho 2006) (emphasis added).

An examination of Lundahl's 365-page *pro se* prisoner complaint in the instant lawsuit against the federal government and seventy-five identified and untold numbers of unidentified parties evinced her continuation down this path of vexatious litigation, and prompted this Court to dismiss the lawsuit on January 14, 2009, as duplicative of, or precluded by, her numerous prior lawsuits. No appeal was taken from that dismissal. Rather, exactly one year later, on January 14, 2010, the Court received Lundahl's Rule 60(b) motion to "reopen" the case, based on her contention that she was "unaware" of the dismissal until sometime in October of 2009. Even if true, this does not constitute grounds for setting aside the judgment, as the Court dismissed the lawsuit as duplicative of Lundahl's other litigation. In short, no grounds are shown for relief under Rule 60(b)(1) or (3) of the Federal Rules of Civil Procedure.

Lundahl's application to proceed *in forma pauperis* on appeal of the Court's denial of her Rule 60(b) motion (Docket Entry No. 17) is DENIED for her failure to comply with Rule 24(a)(1)(C) of the Federal Rules of Appellate Procedure. The motion is FURTHER DENIED because the Court finds, for the reasons stated above, that Lundahl is a vexatious litigant who is not entitled to proceed *in forma pauperis* on this appeal. In the alternative, and to the extent that Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure or 28 U.S.C. § 1915(a)(3) applies to this case, the Court certifies that Lundahl's appeal is not taken in good faith, in that she fails to show viable grounds for setting aside the judgment under Rule 60(b)(1) or (3) of the Federal Rules of Civil Procedure.

The Clerk will provide a copy of this order to plaintiff Lundahl and to the Clerk of the Fifth Circuit Court of Appeals.

Signed at Houston, Texas, on July 30, 2010.

_____
Gray H. Miller
United States District Judge